# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

KENDALL GRATE,

    Plaintiff,

vs.                              CASE NO.: 8:24-cv-00585

COGNIZANT TECHNOLOGY SOLUTIONS
U.S. CORPORATION

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, KENDALL GRATE, (hereinafter "Plaintiff" or "Mr. Grate"), a Florida resident, by and through the undersigned counsel, hereby sues Defendant, COGNIZANT TECHNOLOGY SOLUTIONS U.S. CORPORATION, (hereinafter "Defendant" or "Cognizant") and alleges:

## JURISDICTION AND VENUE

1. This is an action for damages under Title VII of the Civil Rights Act of 1964, as amended, ("Title VII") and the Florida Civil Rights Act ("FCRA").

2. In this civil action Plaintiff has also brought claims against his former employer for monetary damages, declaratory relief, and for other equitable relief pursuant to the FCRA § 760.01, et al.

1

3. This Court has jurisdiction over the claims herein pursuant to 28 U.S.C §§ 1331 and 1343.

4. The claims that arise under state law arise out of the same nexus of operative facts, and this Court therefore has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in the United States District Court, Middle District of Florida, pursuant to 28 U.S.C. § 1391(b)(2) as the events or transactions out of which this claim arose occurred in this district.

## **PARTIES**

6. Plaintiff, KENDALL GRATE, is an African American male who resides in Hernando County, Florida, located in the Middle District of Florida.

7. Defendant, COGNIZANT TECHNOLOGY SOLUTIONS U.S. CORPORATION, is a For Profit Corporation that operates within Hillsborough County, Florida, located in the Middle District of Florida.

8. At all times material, Plaintiff worked for Defendant remotely from his home in Hernando County, Florida.

9. Plaintiff has satisfied all conditions precedent to bringing this action.

## **GENERAL ALLEGATIONS**

10. Kendall Grate is an African American male.

2

11. On April 27, 2022, Cognizant interviewed Mr. Grate for a position at the company. Cognizant conducted a blind panel interview in which the interviewers could not see Mr. Grate's face.

12. On June 20, 2022, Cognizant hired Mr. Grate as a Senior Infrastructure Architect based on his prior experience and qualifications, without knowing his appearance.

13. In doing so, Mr. Grate became the only African American person on the board of the management in his department.

14. During Mr. Grate's onboarding process, Cognizant assigned Mr. Grate two high profile projects.

15. On July 19, 2022, Dianne Hahn (Team Lead – White Female) approached Mr. Grate accusing him of "not being the person we hired" and "not being the type of person we hire." From this interaction, it was clear that Ms. Hahn did not believe an African American male was capable of working as a Senior Infrastructure Architect. Despite Mr. Grate's prior experience and qualifications Ms. Hahn believed he was unqualified because of his race.

16. On July 22, 2022, Mr. Grate informed Cathlyn Rowlands (Supervisor – White Female) of Ms. Hahn's discriminatory comments toward him.

17. In response, Ms. Rowlands told Mr. Grate that she would address the situation with Ms. Hahn, but she ignored Mr. Grate's complaint.

18.    Ultimately, Ms. Hahn never apologized to Mr. Grate regarding her racist remarks directed at him and was never reprimanded. After this, Mr. Grate's role in the high-profile projects assigned to him became greatly diminished.

19.    Normally, Mr. Grate's supervisors delegated work, projects, and other responsibilities to employees evenly.

20.    However, Mr. Grate noticed that he was treated differently from the other employees because he was given less work, no projects, and no responsibilities.

21.    While Cognizant's portal had projects listed under Mr. Grate's name, none of these projects were delegated to him by his superiors.

22.    In November 2022, Cognizant demoted Mr. Grate and replaced him with Verma Divy (Indian Male).

23.    In and around December 2022, Mr. Grate noticed that the Cognizant portal had him listed as an ADP Exempt employee, which was a status only reserved for lower-level employees. This meant that Mr. Grate had been, in essence, demoted without warning.

24.    On February 16, 2023, Mr. Grate asked Louise Welch (HR employee) why he had been changed to an ADP Exempt employee.

25.    On the same date, Cognizant's HR department terminated Mr. Grate from his position.

26.   Plaintiff has incurred costs and attorney's fees in bringing this matter.

## COUNT I
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT FOR DISCRIMINATION ON THE BASIS OF RACE AND COLOR

27.   Plaintiff, KENDALL GRATE, re-alleges and incorporates by reference the allegations set forth in paragraphs one (1) through twenty-six (26) as if set forth fully herein.

28.   The Defendant employed fifteen or more individuals. Therefore, Defendant was an "employer" within the meaning of Title VII.

29.   Mr. Grate was an "employee" of Defendant within the meaning of Title VII.

30.   Mr. Grate is a member of a protected class because of his race and color.

31.   Mr. Grate was qualified to perform his job duties.

32.   Mr. Grate's white coworker made racist comments to him without reprimand. These comments created a hostile work environment.

33.   In November 2022, Cognizant demoted Mr. Grate and replaced him with an Indian Male.

34.   On February 16, 2023, Cognizant terminated Mr. Grate because of his race and color.

35.   Defendant's actions in discriminating against Mr. Grate because of his race and color were reckless, willful, and malicious.

36.     As a direct and proximate result of Defendant's acts, Mr. Grate has suffered loss of employment compensation, loss of privileges and benefits, and has suffered and continues to suffer mental and emotional distress, humiliation, expense, embarrassment, and damage to his professional reputation. Mr. Grate has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

**WHEREFORE**, Mr. Grate respectfully invokes the remedial powers of this Court, as provided in Title VII, and prays for a judgment:

A.     Preliminarily and permanently enjoining and restraining Defendant from engaging in acts of discrimination against Mr. Grate;

B.     Back pay;

C.     Front pay;

D.     Compensatory damages against Defendant;

E.     Punitive damages;

F.     Prejudgment interest;

G.     Damages in compensation for the value of employment benefits he would have received but for the discriminatory acts and practices of Defendant;

H.     Attorney's fees and costs; and

I.     For such other relief as the Court deems just and equitable.

J.

## COUNT II
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT FOR RETALIATION

37. Plaintiff, KENDALL GRATE, re-alleges and incorporates by reference the allegations set forth in paragraphs one (1) through twenty-six (26) as if set forth fully herein.

38. Defendant employed fifteen or more individuals. Therefore, Defendant was an "employer" within the meaning of Title VII.

39. Mr. Grate was an "employee" of Defendant within the meaning of Title VII.

40. The actions of the Defendant constitute a violation of Title VII in that the Defendant has retaliated against Mr. Grate for his complaints to management that he was subjected to discrimination based on his race and color.

41. Mr. Grate is a member of a protected class and protected by Title VII from discrimination based on his race and color.

42. Mr. Grate's complaint to his supervisor that he was being discriminated against based on his race and color was protected conduct that Plaintiff reasonably believed was unlawful.

43. Mr. Grate engaged in a protected activity when he reported discrimination based on race and color to his supervisor and HR.

44. Mr. Grate's protected activity was a but-for cause of his termination and resulting injury.

45. Defendant acted with intent, malice and reckless disregard for Plaintiff's protected rights when it demoted him and terminated him because of his report of race and color discrimination.

46. As a direct and proximate result of Defendant's acts, Mr. Grate has suffered loss of employment, loss of compensation, loss of privileges and benefits, and has suffered and continues to suffer mental and emotional distress, humiliation, expense, embarrassment, and damage to his professional reputation. Plaintiff has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

**WHEREFORE**, Plaintiff respectfully invokes the remedial powers of this Court as provided in Title VII and prays for a judgment:

A. Preliminarily and permanently enjoining and restraining Defendant from engaging in acts of discrimination against Mr. Grate;

B. Back pay;

C. Front pay;

D. Compensatory damages against Defendant;

E. Punitive damages

F. Prejudgment interest;

G.    Attorney's fees and costs;

H.    Damages for all employment benefits he would have received but for the discriminatory acts and practices of Defendant; and

I.    For such other relief as the Court deems just and equitable.

**COUNT III**
**VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT**
**FOR DISCRIMINATION ON THE BASIS OF**
**RACE AND COLOR**

47.    Plaintiff, KENDALL GRATE, re-alleges and incorporates by reference the allegations set forth in paragraphs one (1) through twenty-six (26) as if set forth fully herein.

48.    The Florida Civil Rights Act of 1992, Fla. Stat. § 760.01 *et seq*. ("FCRA") makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based on that person's race and color.

49.    Mr. Grate has satisfied all procedural and administrative requirements set forth in the FCRA.

50.    Mr. Grate is a member of a protected class because of his race and color.

51.    Mr. Grate was qualified to perform his job duties.

52.    Mr. Grate's white coworker made racist comments to him without reprimand. These comments created a hostile work environment.

53.    In November 2022, Cognizant demoted Mr. Grate and replaced him with an Indian Male.

9

54. On February 16, 2023, Cognizant terminated Mr. Grate because of his race and color.

55. Defendant is liable for the discrimination alleged herein. These actions all adversely affected the terms and conditions of Mr. Grate's employment in violation of the FCRA.

56. Defendant acted with intent, malice and reckless disregard for Plaintiff's protected rights when it punished him and terminated him because of his race and color.

57. As a direct and proximate result of Defendant's acts, Mr. Grate has suffered loss of employment compensation, loss of privileges and benefits, and has suffered and continues to suffer mental and emotional distress, humiliation, expense, embarrassment, and damage to his professional reputation. Mr. Grate has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

**WHEREFORE**, Mr. Grate respectfully invokes the remedial powers of this Court as provided in the FCRA, and prays for a judgment:

A. Preliminarily and permanently enjoining and restraining Defendant from engaging in acts of discrimination against Mr. Grate;

B. Back pay;

C. Front pay;

D. Compensatory damages against Defendant;

10

E.      Prejudgment interest;

F.      Punitive damages;

G.      Damages for all employment benefits he would have received but for the discriminatory acts and practices of Defendant;

H.      Reasonable attorney's fees and costs incurred in this action as provided in Section 760.11(5), Florida Statutes; and

I.      For such other relief as the Court deems just and equitable.

## COUNT IV
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT FOR RETALIATION

58.     Plaintiff, KENDALL GRATE, re-alleges and incorporates by reference the allegations set forth in paragraphs one (1) through twenty-six (26) as if set forth fully herein.

59.     The Florida Civil Rights Act of 1992, Fla. Stat. § 760 *et al*. ("FCRA") makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based on that person's engagement in a protected activity.

60.     Mr. Grate is a member of a protected class and protected by the FCRA from discrimination based on his race and color.

61.     Mr. Grate engaged in a protected activity when he reported discrimination based on race and color to his supervisor and HR.

62.    Mr. Grate's protected activity was a but-for cause of his termination and resulting injury.

63.    The actions of the Defendant constitute a violation of the FCRA in that the Defendant has retaliated against Mr. Grate for his reports of racial discrimination against him.

64.    Defendant is liable for the discrimination alleged herein. These actions all adversely affected the terms and conditions of Plaintiff's employment in violation of the FCRA. Defendant is also liable for wrongfully terminating Plaintiff's employment in retaliation for reporting illegal discrimination, or activity that Plaintiff reasonably believed to be illegal discrimination.

65.    Defendant acted with intent, malice and reckless disregard for Plaintiff's protected rights when it punished him and terminated him because of his report of race, color, and national origin based discrimination.

66.    As a direct and proximate result of Defendant's acts, Mr. Grate has suffered loss of employment, loss of compensation, loss of privileges and benefits, and has suffered and continues to suffer mental and emotional distress, humiliation, expense, embarrassment, and damage to his professional reputation. Mr. Grate has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

**WHEREFORE**, Mr. Grate respectfully invokes the remedial powers of this Court as provided in the Florida Civil Rights Act of 1992, and prays for a judgment:

A.    Preliminarily and permanently enjoining and restraining Defendant from engaging in acts of discrimination against Mr. Grate;

B.    Back pay;

C.    Front pay;

D.    Compensatory damages against Defendant;

E.    Prejudgment interest;

F.    Damages for all employment benefits he would have received but for the discriminatory acts and practices of Defendant; and

G.    Reasonable attorney's fees and costs incurred in this action as provided in Section 760.11(5), Florida Statutes.

## DEMAND FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury.

Dated this 5th day of March, 2024.

*/s/ Gary L. Printy, Jr., Esq.*
Gary L. Printy, Jr.
Florida Bar No. 41956
**The Printy Law Firm**
5407 N Florida Avenue
Tampa, Florida 33604
(P): (813) 434-0649
(F): (813) 423-3722
garyjr@printylawfirm.com

13

e-service@printylawfirm.com
*Attorneys for Plaintiff*